**IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| BRIAN B. PETTIS, | * | |
| Plaintiff, | * | CV NO.: 09-388 |
| BOSARGE DIVING, INC., | * | |
| Defendants. | * | |

**SEAMAN'S COMPLAINT UNDER THE JONES ACT AND GENERAL MARITIME LAW**

COMES NOW Plaintiff, BRIAN PETTIS, and files this Complaint without prepayment of costs, pursuant to Judicial Code § 1916, 28 U.S.C. § 1916. This Complaint arises out of the 46 U.S.C. § 688, commonly known as the "Jones Act" and General Maritime Law.

**JURISDICTION AND VENUE**

Plaintiff, Brian B. Pettis, at all times material to this Complaint, was a person of full age and majority and a resident of the city of Satsuma, County of Mobile, State of Alabama, respectfully represents:

**JURISDICTION AND VENUE**

1. Defendants, BOSARGE DIVING, INC. (hereinafter "Bosarge") is a corporation incorporated in one of the 50 United States. Defendant is subject to the jurisdiction of this Court by virtue of its contacts with the State of Alabama specifically by conducting business in and other systematic contact with in the State of Alabama. Therefore, jurisdiction and venue properly lie in the State of Alabama.

**PARTIES**

2. Plaintiff, Brian B. Pettis, (hereinafter "Plaintiff" or "Pettis") is a person of full age and majority and a resident of the city of Satsuma, County of Mobile, State of Alabama.

4. Defendant, Bosarge, is a corporation that conducts business in the State of Alabama, as alleged in Paragraph One (1) of this Complaint.

**FACTS COMMON TO ALL CAUSES**

5. During all times herein mentioned, Defendant owned operated, managed, operated, controlled, navigated or chartered a fleet of vessels; the 17 Express (herein after "Tender"), the BDI (hereinafter "BDI"), and the M/V MADISON GAIL.

6. The Tender is a support vessel whose mission it is to support and assist divers employed by Bosarge.

7. The DBI is a flat decked vessel powered by two 115 outboard motors. Her mission it is to carry supplies used by divers employed by Bosarge. Additionally, the DBI also transports supplies for third parties. During all times herein mentioned, the DBI was transporting supplies for a third party whose identity is unknown at this time.

8. The M/V MADISON GAIL is a 70 foot crew/supply vessel whose mission it is to transport and support divers offshore, carry supplies for the crew of the M/V MADISON GAIL, and on occasion, transport supplies for hire.

9. At all times herein mentioned, Plaintiff was an employee of Defendant. During his employment with Bosarge, Plaintiff served on all of the Bosarge vessels, and at various times, served as a relief captain, deckhand, tender and diver.

10. During all times herein mentioned, Plaintiff was a captain with a 100-ton captain's license. During his employment with Bosarge, Plaintiff was permanently assigned to the Bosarge fleet and his work contributed to the fleet's mission.

11. On or before August 25, 2006, and based on information and belief, Bosarge had contracted with an unidentified vessel to load supplies to said vessel. The M/V MADISON GAIL did not have sufficient deck space to carry the supplies to the waiting unidentified vessel. Consequently, Bosarge had the supplies loaded on to the BDI.

12. On and before August 25, 2006, Plaintiff was assigned to the BDI. On and before August 25, 2006, Plaintiff assisted in the loading of supplies from the Midstream Fuel dock in the Port of Pascagoula to the BDI.

13. On August 25, 2006, Plaintiff piloted the BDI about a quarter mile from the Midstream Fuel dock to the Chevron Dock where said unidentified vessel was moored.

14. On August 25, 2006, the BDI was moored alongside the said unidentified vessel. Plaintiff, working as a deckhand assisted in the transfer of material from the BDI to said unidentified vessel. The crane operator on the unknown vessel was lifting and transferring a pallet of five-gallon buckets to the waiting ship when the ship's crane operator bumped the ship and caused the pallet of five-gallon buckets to fall into the water.

15. On August 26, 2006, Bosarge employees, including Plaintiff, returned to the Tender to the location where the buckets had fallen into the harbor, their mission being to undertake a shallow water dive to locate and retrieve the buckets.

16. On August 26, 2006, Plaintiff while tethered to the Tender, entered the water and located several of the buckets. After a period of time, the pilot of the Tender started a procedure called "live boating". Live boating is a procedure where a diver is pulled by the tending vessel over the seabed. The topside crew, by using the vessels' instruments, and by visually observing the bubbles coming from the diver direct the diver during the dive. In this case, the Tender's crew directed Plaintiff to areas on the seabed floor where it appeared the five-gallon buckets were located. The Tender was in constant radio communication with Plaintiff during this procedure.

17. On August 26, 2006, after sunset and during the live boating procedure, Plaintiff was drug over the seabed floor and into the ship channel. Because of the darkness, Plaintiff could not see his watch and therefore did not know how long he was under water. In

addition, the Defendant knew Plaintiff was not equipped for a deep-water dive and therefore did not have equipment necessary to alert him as to the depth of his dive. However, Tender was in constant radio contact with Plaintiff and the Tender was possessed with a dept finder and other instruments that provided Defendant with sufficient information to know the time and depth of the dive.

18. Plaintiff was under water for over three (3) hours. When Plaintiff exited the water, he began experiencing pain and dizziness. Plaintiff reported his physical problems to the owner of the vessel and his fellow crewmembers. Later, on his drive home from Pascagoula, Mississippi to Mobile, Alabama, Plaintiff's pain reached a point where Plaintiff had to pull over to the side of Interstate 10 and call his wife who took him to the Emergency Room at Providence Hospital.

19. Later on August 26, 2006, Plaintiff was transferred, by ambulance, to Springhill Memorial Hospital. Plaintiff was subsequently treated at Springhill Memorial Hospital where he spent seven (7) or eight (8) hours in a decompression chamber.

20. After August 26, 2009, Plaintiff obtained his commercial diver's license.

21. After August 26, 2009, and on numerous occasions, Plaintiff requested that Defendant provide maintenance and cure. Defendant denied maintenance and cure.

22. Plaintiff returned to work with Defendant and continued to request that Defendant provide maintenance and cure. Defendant subsequently fired Plaintiff in May of 2007.

23. Defendant continued to deny maintenance and cure until June of 2009.

24. Plaintiff has suffered severe injury to his body and will never work as a commercial diver again.

## COUNT ONE - JONES ACT

25. All of the allegations contained in the previous paragraphs are realleged herein.

26. The injury complained of was the result of the negligence of Defendant, Bosarge. Specifically, Bosarge owed the Plaintiff a duty to provide him with a safe place to work. Bosarge breached its duty to the Plaintiff by dragging him into deep water after sunset and failing to provide him with a decompression chamber, or to warn Plaintiff that he should decompress under water before surfacing after being submerged for over three (3) hours. Moreover, Bosarge only provided dive equipment required for a shallow dive and not the necessary equipment for a deep-water dive. Further, Defendant knew that Plaintiff was not a certified commercial diver. The Defendant breached its duty of care owed to Plaintiff.

27. Bosarge knew that the Plaintiff was not equipped for a deep water dive of over three (3) hours in duration and that dragging him over the seabed at depths that exceeded 40 feet would cause serious injury if Defendant did not provide Plaintiff with a decompression chamber or instruct Plaintiff to decompress before Plaintiff reached the surface.

28. As a direct and proximate result of Bosarge's breach of the duty owed to the Plaintiff, the Plaintiff was injured and suffered damages.

29. The injuries to the Plaintiff's body are the direct and proximate result of the negligence of Bosarge in failing in its duty of care, which it owed to the Plaintiff.

30. Plaintiff seeks any and all damages, general or special, to which Plaintiff may be entitled pursuant to the Jones Act, General Maritime Law, statutory and common law in excess of the jurisdictional limits of this Court.

## COUNT TWO - MAINTENANCE AND CURE

31. All allegations contained in the previous paragraphs are realleged herein.

32. Plaintiff would show that at various times following August 26, 2006, he was unable to work as a result of his injuries and was therefore unfit for duty. At those times when the Plaintiff was unfit for duty because of his injuries, the Plaintiff made repeated demands on Bosarge and its agent or agents to pay maintenance and medical expenses, and Bosarge failed and refused to pay maintenance and medical expenses during 2006, 2007, and continued to deny maintenance and cure until June of 2008 as required by General Maritime Law.

33. The Plaintiff is entitled to receive at least $75.00 per day maintenance owed to him, and the Plaintiff is entitled to recover the costs of his medical expenses and medical monitoring expenses.

34. Plaintiff seeks any and all damages, compensatory, special, general, and exemplary to which Plaintiff may be entitled pursuant to the General Maritime Law and common law in excess of the jurisdictional limits of this Court.

**COUNT THREE – UNSEAWORTHINESS**

35. All allegations contained in the previous paragraphs are realleged herein.

36. Plaintiff would show that his injuries were directly caused as a result of the unseaworthiness the Tender that was owned, operated, controlled, managed, navigated, or chartered by Bosarge upon which the Plaintiff worked. The Vessel was unseaworthy in that same failed to provide Plaintiff with equipment to undertake the work assigned by Defendant, proper supervision by Plaintiff's superiors, or a means to decompress. Bosarge was responsible for the injuries of the Plaintiff as a result of the breach of the warranty of seaworthiness.

37. Plaintiff would show that because of the negligence of Bosarge and the unseaworthiness of the Vessel upon which the Plaintiff was employed, such actions or inactions proximately caused the Plaintiff to sustain injury to his body for which the Plaintiff is entitled to recover compensatory, special and exemplary damages as provided by General Maritime Law and in an amount in excess of the jurisdictional limits of this Court.

**COUNT FOUR – GENERAL MARITIME LAW – PUNITIVE DAMAGES**

38. All allegations contained in the previous paragraphs are realleged herein.

39. Defendant knew that Plaintiff was being “live boated” after dark over the seabed floor. Defendant knew that Plaintiff was working at depths that required that Plaintiff decompress so as to avoid serious and permanent injury. Defendant knew Plaintiff was not equip to perform a deep water dive. Defendant, with this knowledge, proceeded to drag Plaintiff for some time over the seabed floor at depths in excess of 40 feet. In addition, Defendant had knowledge of the time of the dive and the depths at which Plaintiff was working on August 26, 2006, but did not warn the Plaintiff that he should decompress before surfacing and even after the Plaintiff surfaced and complained of pain the Defendant did not provide or allow the Plaintiff to use Defendant’s decompression chamber and instead told the Plaintiff “go home and see if it (the pain) goes away.” Defendant denied maintenance and cure and after Plaintiff requested same Defendant fired Plaintiff in May of 2007 and continued to deny cure until June of 2009.

40. Bosarge, through its actions, exhibited a callous disregard for Plaintiff’s safety. Bosarge callous attitude as shown through its willful and wanton mistreatment of Plaintiff by dragging Plaintiff over the seabed floor and into dangerously deep water over a three (3) hour period; knowing that such actions would certainly lead to bodily injury; by not warning Plaintiff to decompress before surfacing and these actions did in fact cause severe injuries that are made the basis of this cause of action. These actions and inactions along with, Bosarge’s failure to pay maintenance and cure clearly demonstrate that Plaintiff is entitled to punitive damages.

**COUNT FOUR – GENERAL MARITIME LAW – WRONGFUL TERMINATION**

41. All allegations contained in the previous paragraphs are realleged herein.

42. Defendant, after denying cure benefits wrongfully terminated Plaintiff.

43. Plaintiff is entitled to recover compensatory, special, and exemplary damages as provided by General Maritime Law, statutory and common law in an amount in excess of the jurisdictional limits of this Court.

## DAMAGES

44. All allegations contained in the previous paragraphs are realleged herein.

45. As a direct and proximate result of Defendants' tortuous conduct as aforesaid, Plaintiff has suffered serious and grievous injuries to his body. Plaintiff has been damaged in the following particulars:

(a) Plaintiff has suffered physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

(b) Plaintiff has incurred medical, pharmaceutical, and other expenses and will incur medical, pharmaceutical and other expenses in the future due to his injury;

(c) Plaintiff suffers a physical impairment in his loss of ability to return to work and will continue to suffer this impairment in the future due to his injuries.

(d) Plaintiff has suffered lost earnings and will suffer the loss of ability to earn income in the future because of his injuries.

(e) Plaintiff, due to the Defendants' willful and wanton conduct and callous disregard for Plaintiff's safety, health, and welfare, seeks damages to punish this Defendant, for its failure to provide the Plaintiff a safe place to work and for Defendants failure to pay maintenance and cure.

46. Plaintiff seeks attorney fees and costs as provided by law.

47. Plaintiff seeks any and all other damages, general, special to which the Plaintiff may be entitled pursuant to General Maritime Law, the Jones Act, statutory, and common law including punitive damages.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant for compensatory, general and special damages as well as punitive damages and his costs expended therein, for pre-judgment interest from the date of Plaintiff's injury and post

judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

s/Dwain C. Denniston, Jr.

DWAIN C. DENNISTON, JR. (DENND7223)
MICHAEL G. HUEY (HUEYM5200)
ATTORNEY FOR THE PLAINTIFF
HUEY & LEON
Post Office Box 1806
Mobile, Alabama 36633
334-433-6622

s/Brian B. Pettis

BRIAN B. PETTIS
Plaintiff in the above Cause of Action

**PLAINTIFF RESPECTFULLY REQUESTS TRIAL WITHOUT A JURY**

Please Serve Defendant
Bosarge Diving, Inc. by
Certified Mail, Return Receipt
Requested at:

Bosarge Diving, Inc.
3443 Market Street
Pascagoula, MS 39567